# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL BIRKLETT (#401459)** | **CIVIL ACTION** |
| **VERSUS** | |
| **WARDEN N. BURL CAIN, ET AL.** | **NO. 10-0838-FJP-DLD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 21, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MICHAEL BIRKLETT (#401459)                                                                   CIVIL ACTION

VERSUS

WARDEN N. BURL CAIN, ET AL.                                          NO. 10-0838-FJP-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motions to Dismiss, rec.doc.nos. 11 and 25. These motions are opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Ass't Warden Troy Poret, Major Anthony Whitaker and Legal Programs Director Trish Foster, complaining that his constitutional rights were violated on April 15, 2010, when he was transferred to Camp D at the prison, purportedly to facilitate the practice of his religious faith, but after the transfer, he was allegedly prevented from doing so. The plaintiff further complains that when he thereafter filed administrative grievances relative to the defendants' refusal to allow him to practice his religion at Camp D, he was charged with one or more false and retaliatory disciplinary reports and was placed in segregated confinement.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level". Bell Atl. Corp. v. Twombly, supra. "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, supra. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n] – that the pleader is entitled to relief.'" Id. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (citations omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful conduct] devoid of further factual enhancement." Id. (internal quotation marks omitted).

In the instant motion, the defendants seek dismissal of the plaintiff's claim for monetary damages asserted against them in their official capacities, asserting that these claims are barred by the Eleventh Amendment to the United States Constitution.[1] This Amendment prohibits the bringing of a lawsuit in federal court seeking monetary damages against a state, its agencies, or persons acting as official representatives thereof. In Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), the United States Supreme Court addressed the distinction between

---

[1] Although the defendants correctly point out that the plaintiff's original and first amended Complaints are unclear as to whether he has named the defendants in their individual and/or their official capacities, this Court has recently granted leave to the plaintiff to amend his Complaint to make clear that he is suing the defendants in both capacities. See rec.doc.no. 29.

official capacity and individual capacity claims and made clear that a claim asserted against a state official in his official capacity for monetary damages is treated as a claim against the State and is therefore barred by the Eleventh Amendment. In contrast, a suit against a state official in his individual capacity, seeking to impose <u>personal</u> liability upon a government official for actions taken by the official under color of state law, is not treated as a suit against the state. Thus, a showing by the plaintiff that the defendant state officials, acting individually and under color of state law, have caused the deprivation of the plaintiff's federal rights, is enough to establish personal liability in a § 1983 lawsuit. Further, a state official in his or her official capacity, when sued for <u>injunctive</u> relief, is not a prohibited defendant because official capacity actions for prospective relief are not treated as actions against the state. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). <u>See also</u> 15 <u>Am.Jur.2d Civil Rights</u> § 101. Accordingly, the defendants' motion should be granted, but only to the extent that it seeks dismissal of the plaintiff's claim for monetary damages asserted against the defendants in their official capacities.

## **RECOMMENDATION**

It is recommended that the defendants' Motions to Dismiss, rec.doc.nos. 11 and 25, be granted, dismissing the plaintiff's claims for monetary damages asserted against the defendants in their official capacities, and that this action be referred back for further proceedings.

Signed in Baton Rouge, Louisiana, on October 21, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**